# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cr 93

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH LOUIS CARO JR., | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is a violation report [# 13] filed by the United States Probation Office alleging that Defendant violated terms and conditions of his pretrial release. On February 20, 2018, the Court held a bond revocation hearing. Defendant was present with his counsel, Fredilyn Sison, and the Government was present through AUSA David Thorneloe. From the evidence offered, the statements of the Government and Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted to the allegations contained in the violation report. The Government then presented testimony through United States Probation Officer Sarah Wright.

On August 1, 2017, the grand jury issued a bill of indictment charging Defendant with: one count of assault, in violation of 18 U.S.C. §§ 113(a)(6), 1153; and one count of assault of an intimate partner, in violation of 18 U.S.C. §§ 113(a)(7), 1153 [# 1].

On October 23, 2017, the Court issued an order setting conditions of release and Defendant was released on a $25,000 unsecured bond [# 6, # 7]. The Court's terms and conditions of pretrial release included:

(1) The defendant must not violate any federal, state or local law while on release.

On January 4, 2018, based on the violation report [# 13], the Court issued an arrest warrant for Defendant. The violation report stated that Defendant admitted to cocaine use on December 16, 2017. Id. Further, the report stated Defendant tested positive for cocaine on December 18, 2017. Id.

On January 16, 2018, Defendant was arrested. On February 20, 2018, Defendant appeared before this Court for his bond revocation hearing.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1) finds that there is—
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is probable cause to believe that Defendant has committed a state crime while on release. The possession of cocaine is a felony under state law, N.C. GEN. STAT. §§ 90-90, 90-95. Due to the fact there is probable cause to

believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

Due to the findings made above, the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court believes that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond [# 7] and terms and conditions of pretrial release [# 6] entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: February 27, 2018

Dennis L. Howell
United States Magistrate Judge